IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHERRY BOSSICK,**

    **Plaintiff,**

vs.                                                       CASE NO.:

**AMERICAN LAW GROUP, P.A. d/b/a**
**THE FLORIDA LAW GROUP,**
**a Florida corporation, and**
**CHRIS LIMBEROPOULOS, Individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, SHERRY BOSSICK, by and through her undersigned counsel, sues the Defendants, AMERICAN LAW GROUP, P.A. d/b/a THE FLORIDA LAW GROUP, a Florida corporation, and CHRIS LIMBEROPOULOS, Individually, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, SHERRY BOSSICK ("Bossick"), is a resident of Pasco County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4. Defendant, AMERICAN LAW GROUP, P.A. d/b/a THE FLORIDA LAW GROUP, is a Florida company authorized and doing business in this Judicial District.

5. At all times material herein, Plaintiff was a non-exempt employee of Defendants, pursuant to 29 U.S.C. § 203(e)(1).

6. Defendant, AMERICAN LAW GROUP, P.A. d/b/a THE FLORIDA LAW GROUP, is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7. At all times material hereto Defendant, CHRIS LIMBEROPOULOS, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

8. Plaintiff is entitled to the protections provided by the FLSA because she is a Paralegal/Case Manager.

9. Plaintiff is entitled to the protections provided by the FLSA because she is an individual engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

10. Plaintiff, SHERRY BOSSICK, was employed with Defendants from September 2014 until October 2017 and then again from November 2018 until September 2019 as a full time Paralegal/Case Manager earning in excess of $50,000 per year.

11. During the course of Plaintiff's employment, Plaintiff worked between 3 and 5

hours of overtime over forty (40) hours per week.

12. Plaintiff was not compensated at the rate of at least one and a half times her regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

13. Plaintiff was not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

14. On or about September 30, 2019, Plaintiff realized that she and her colleagues had not been paid any wages for services provided during the previous pay period.

15. Accordingly, Plaintiff contacted Limberopoulos to complain that her and her co-workers had not been paid. Limberopoulos discharged Plaintiff from her employment in response to her complaint. He further threatened to discharge any other employees that complained about not receiving wages during the previous pay period.

16. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

17. Plaintiff realleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

18. The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment Plaintiff did work a substantial number of hours in excess of forty (40) hours per work week.

19. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her

regular rate of pay for the hours worked over forty (40) in a work week.

20. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

21. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, SHERRY BOSSICK, respectfully request all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT ("FLSA") – RETALIATION

22. Plaintiff realleges paragraphs one (1) through sixteen (16) as though set forth fully herein.

23. Plaintiff suffered an adverse employment action by Defendants' termination of Plaintiff's employment for complaining that she had not been paid.

24. The above-described acts of retaliation constitute a violation of 29 U.S.C. § 201, *et seq.,* for which Defendants are liable.

25. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

26. As a result of Defendants' unlawful action against Plaintiff, he has and will continue to incur attorney's fees and costs.

**WHEREFORE**, Plaintiff, SHERRY BOSSICK, respectfully request all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

27. Plaintiff requests a jury trial on all issues so triable.

Dated this 13th day of April 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/Scott L. Terry*
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
Primary: sterry@fgbolaw.com
Secondary: debbie@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Counsel for Plaintiff